The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for Debra Kramer, Plaintiff-Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Deborah L. Dobbin

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 7

VLADIMIR GRANOVSKIY,                                          Case No.: 13-41205-nhl

                                Debtor.
----------------------------------------------------------x
DEBRA KRAMER, as Chapter 7 Trustee
for the Estate of VLADIMIR GRANOVSKIY,              Adv. Proc. No.: 13-_____-nhl

                            Plaintiff,
      -against-

VLADIMIR GRANOVSKIY,

                            Defendant.
----------------------------------------------------------X

## COMPLAINT

      DEBRA KRAMER, as Chapter 7 Trustee ("Trustee" and/or "Plaintiff") for the Estate of

VLADIMIR GRANOVSKIY, the Debtor herein, by her proposed attorneys, The Law Offices of

Avrum J. Rosen, PLLC, as and for her complaint in this adversary proceeding, respectfully

represents as follows:

## THE PARTIES

      1.      The Plaintiff is the Chapter 7 Trustee herein.

2. The Defendant Vladimir Granovskiy is the Debtor ("Defendant" and/or "Debtor") herein and lists 2665 Homecrest Avenue, Apt 4C, Brooklyn, New York 11235 on the petition as his residence.

## JURISDICTIONAL PREDICATE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 (b)(1) and (2)(I) and (J).

4. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I) and (J) and 11 U.S.C.§§ 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and Bankruptcy Rules 7001 *et. seq.*

5. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND:
## THE PETITION, SCHEDULES AND 341 MEETING OF CREDITORS

6. On March 2, 2013 (the "Petition Date")Chapter 7 relief.

7. On or about April 11, 2013, the Debtor together with his counsel appeared at a Section 341 Meeting of Creditors (the "341 Meeting").

8. The services of a Russian translator were utilized in connection with the 341 Meeting.

9. At the 341 Meeting, the Trustee examined the Debtor under oath wherein the Debtor swore to testify truthfully.

10. The Debtor testified that he signed the petition, schedules and related documents and that he read the documents before he signed them.

11. The Debtor testified that the information contained in the petition, schedules and related documents was true and correct, that there were no errors or omissions in the petition and that he did not wish to make any changes thereto.

12. Based on the public records available on ACRIS, the electronic filing system for the New York Department of Finance, Office of the City Register, the Debtor was questioned about his ownership interest in 2665 Homecrest Avenue, Apartment 4C, Brooklyn, New York 11235 (the "Property").

13. When asked whether the Debtor owned in the past or currently owns any undeveloped land, timeshare, co-op, or condominium, the Debtor testified, "No".

14. When asked whether the Debtor's name ever appeared on any deed, shares of stock or proprietary lease with respect to the co-op unit that is listed on the 341 Meeting of Creditors, which address was located at 2665 Homecrest Avenue, Apartment 4C, Brooklyn, New York 11235, the Debtor testified, "No."

15. According to the records maintained on ACRIS, both an RPTT and RETT dated December 14, 2010, were filed on February 28, 2011, to record a transfer of the Property from Vladimir Granovskiy and Lyubov Granovskaya, the non-filing spouse of the Debtor to the Granovskiy Family Trust (the "Trust").

16. According to the records contained on ACRIS, a UCC-3 Termination dated December 30, 2010, was filed by Chase Home Finance on behalf of JP Morgan Chase Bank in connection with the Property and recorded on January 10, 2011.

17. The UCC-3 Termination was filed by Chase Home Finance to terminate an Initial UCC-1 Financing Statement filed by JP Morgan Chase Bank in connection with a loan no. 1137088706 made to Vladimir Granovskiy and Lyubov Granovskaya which UCC-1 was filed on or about December 7, 2001.

18. At the 341 Meeting, the Debtor was asked whether he received any money from the Trust in exchange for the transfer of the ownership interest in the Trust to which the Debtor responded, "No."

19. At the 341 Meeting, the Debtor was questioned whether there was any secured debt encumbering the property to which the Debtor responded, "No."

20. When questioned about a mortgage held by JP Morgan Chase, the Debtor then testified that a mortgage with JP Morgan Chase was paid off completely by his family.

21. The Debtor further testified that no one held any property belonging to him.

22. In response to the Trustee's demand for a copy of the Trust agreement, the Debtor provided various documents in connection with the Trust including but not limited to a copy of Assignment of Proprietary Lease executed by the Debtor and Lyubov Granovskaya, his spouse as assignors to the Granovskiy Family Trust, as assignee; Consent executed by 2665 Homecrest Avenue Owners Corp., the co-op corporation (the "Co-Op Corporation") wherein the Co-Op Corporation consented

to the assignment of 1180 shares of stock and the Proprietary Lease from Vladimir Granovskiy and Lyubov Granovskaya to the Granovskiy Family Trust; Acceptance of Assignment and Assumption of Proprietary Lease executed by Yelena Granovskaya and Igor Granovskiy as Trustees for the Granovskiy Family Trust (the "Trustees"); and an Occupancy Agreement executed by the Co-Op Corporation, the Debtor and his spouse and the Trustees.

23. Pursuant to the Occupancy Agreement dated October 19, 2010 between the Co-Op Corporation, Vladimir Granovskiy and Lyubov Granovskaya (the "Shareholders") and Yelena Granovskaya and Igor Granovskiy (the "Trustees") of the Granovskiy Family Trust (the "Trust"), paragraph eight (8) provides that "The Shareholders shall have the sole right to vote the Shares and upon both Shareholders' death and/or permanent disability, the Trustees shall have the sole right to vote the Shares unless and until a subsequent transfer is approved."

24. Paragraph nine (9) of the Occupancy Agreement provides "During their lifetime, the Shareholders shall act as the agent for service of process and receipt of notice for the Trust and thereafter, the Trustees shall act as the agent for service of process for the Trust."

25. Paragraph ten (10) of the Occupancy Agreement provides "The Shareholders shall remain personally responsible for and hereby guarantee the monetary obligations of the trust to the Apartment Corporation, including but not limited to, all maintenance, assessments, repairs, water and sewer charges, insurance charges and taxes related to the Apartment."

26. The Debtor and his spouse signed as owners, a Customer Registration Form for Water and Sewer Billing for the Property to receive service notwithstanding that the owners name was listed as the Granovskiy Family Trust with an additional owner name listed as Igor Granovskiy, as Trustee.

27. That the Debtor continues to exercise control over the Property as owner.

28. That by virtue of the Occupancy Agreement, the Debtor remains responsible for the monetary obligations of the Trust.

29. That by virtue of the Occupancy Agreement, the Debtor as shareholder of the Co-op Corporation remains in custody and control of the Property.

30. Absent from the Schedules and Statement of Financial Affairs is the disclosure of any interest in property including but not limited to the Property.

31. Absent from the Schedules and Statement of Financial Affairs is the disclosure of the Granovskiy Family Trust.

32. Absent from the Schedules and Statement of Financial Affairs is the Debtor's interest in an Occupancy Agreement entered into by the Debtor and the Co-Op Corporation.

33. That the Debtor failed to testify truthfully and accurately at the 341 Meeting that he transferred his interest in the Property to the Granovskiy Family Trust.

34. That the Debtor failed to testify truthfully and accurately at the 341 Meeting that he satisfied any outstanding monetary obligation to JP Morgan Chase Bank.

35. That the Debtor failed to testify truthfully and accurately at the 341 Meeting that he continues to have an interest in the Property by virtue of the Occupancy Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as though fully set forth herein.

37. Pursuant to Section 727 (a)(4)(A) of the Bankruptcy Code, "The court shall grant the debtor a discharge, unless– the debtor knowingly and fraudulently, in or in connection with the case– made a false oath or account."

38. The Debtor knowingly and fraudulently made a false oath when he signed the Petition and Schedules.

39. That upon information and belief the Debtor made a false oath when he failed to disclose in paragraph ten (10) of the Statement of Financial Affairs all property transferred by the Debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

40. That the Debtor made a false oath when failing to list any Executory Contracts on his Schedules by failing to list the Occupancy Agreement.

41. That the Debtor made a false oath when failing to disclose at the 341 Meeting that he continues to have an interest in the Property by virtue of the Occupancy Agreement.

42. That the Debtor made a false oath when failing to disclose at the 341 Meeting that he satisfied any outstanding monetary obligation to JP Morgan Chase Bank.

43. That the Debtor made a false oath when failing to disclose at the 341 Meeting that he transferred his interest in the Property to the Granovskiy Family Trust.

44. In view of the foregoing, it is respectfully requested that this Court enter an Order denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(4)(A).

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 11 U.S.C. § 727(a)(4)(D)

45. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" as if each were more fully set forth herein.

46. Pursuant to section 727(a)(4)(D) of the Bankruptcy Code, "[T]he court shall grant the debtor a discharge, unless– the debtor knowingly and fraudulently, in or in connection with the case– withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

47. The Debtor has knowingly and fraudulently, in or in connection with his case, withheld from the Trustee recorded information regarding the transfer of the Debtor's interest in the Property, the existence of the Trust, the Occupancy Agreement and all rights accorded to the Debtor therein, and the payoff of the JP Morgan Chase loan.

48. The Trustee is entitled to an Order denying the Debtor his discharge pursuant to section 727(a)(4)(D) of the Bankruptcy Code.

### AS AND FOR A THIRD CAUSE OF ACTION
### PURSUANT TO 11 U.S.C. § 727(a)(5)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "48" as though it was fully set forth herein.

50. Pursuant to Section 727 (a)(5) of the Bankruptcy Code, "The court shall grant the debtor a discharge, unless– the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

51. On or about December 30, 2010, the Debtor satisfied the loan made by JP Morgan Chase Bank in connection with the initial purchase made of the Property in 2001.

52. The Debtor failed to satisfactorily explain payment of same to the exclusion of his other creditors.

53. That the Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities.

54. In view of the foregoing, it is respectfully requested that this Court enter an Order denying the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(5).

WHEREFORE, in view of the foregoing, Plaintiff respectfully requests the following relief:

(1) On the First Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

(2) On the Second Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(4)(D);

(3)   On the Third Cause of Action, denial of the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(5);

(4)   such other further and different relief as this Court deems just proper and equitable.

Dated:   Huntington, New York
         October 8, 2013

                THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
                Proposed Attorneys for the Plaintiff-Trustee

By:   */s/ Fred Kantrow*
      Fred Kantrow
      Deborah L. Dobbin
      38 New Street
      Huntington, New York 11743
      (631) 423-8527
      fkantrow@avrumrosenlaw.com